UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Al Hodaifi Rocks, WLL<br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Grand Markela, Inc.,<br>and<br>Newlead Holdings, Ltd.,<br>and<br>Aeolus, SA.<br><br><br>　　　　　　　　　Defendants. | Civil Action No. _____<br>　In Admiralty |

## VERIFIED COMPLAINT IN ADMIRALTY

Plaintiff, Al Hodaifi Rocks, WLL ("Plaintiff"), by its below-signed attorneys, for its Verified Complaint against defendants, Grand Markela Inc. ("Markela Inc."), Newlead Holdings Limited ("Newlead"), and Aeolus SA ("Aeolus") (collective, "Defendants"), states, on information and belief, as follows:

1.　　This is a case of admiralty and maritime jurisdiction, 28 U.S.C. section 1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule B of the Supplemental Rules for Admiralty or Maritime Claims.

## PARTIES

2.　　Plaintiff is a foreign business entity organized under the laws of a foreign country.

3.　　Markela Inc. is a foreign business entity organized under the laws of a foreign country. Markela Inc. is also the so-called "registered owner" of a vessel called the MV NEWLEAD MARKELA (the "MV MARKELA").

4. Aeolus is a foreign business entity organized under the laws of a foreign country. Aeolus is also the so-called "registered owner" of a vessel called the MV NEWLEAD GRANADINO (IMO Number 9483774) (the "MV GRANADINO").

5. Newlead Holdings is a foreign entity organized under the laws of a foreign country. On information and belief, Newlead Holdings is also the "beneficial owner" of both the MV MARKELA and the MV GRANADINO.

## UNDERLYING EVENTS

6. On or about July 22, 2015, Plaintiff (as charterer) and Markela Inc. (as vessel owner) entered into a charter party with respect to the MV MARKELA (the "Charter Party").

7. The concerned charter party constituted a maritime contract and called for the carriage of 64,000mt cargo of aggregates (+/-10% in Owners' option) at a freight rate of US$7.50/mt.

8. However, on or about August 5, 2015, an email was sent to Plaintiff concerning the MV MARKELA and the charter party. That message stated, amongst other things that the "Owners . . . consider the subject charter party as cancelled" (the "Repudiation Notice").

9. Notably, the Repudiation Notice was sent by an email with a domain name of "newleadship.com." Moreover, the address box below the signature line for the email identified the email as coming from "**NewLead Holdings Ltd.** [address] 83 Akti Miaouli & Flessa Street, 185 38 Piraeus, GREECE."

10. Also notable is that the instructions provided to Plaintiff for making any eventual wire transfers to pay for freight identified a particular bank account and stated that, with respect to the beneficiary of that account, the included information on wire transfers should be "BENEFIACIARY NAME NEWLEAD HOLDINGS LTD."

11. By virtue of the wrongful breach and/or repudiation of the Charter Party, the Plaintiff was forced to enter into a substitute charter party for a different vessel at a substantially increased freight rate. As such Plaintiff incurred damages, as best can now be determined, in excess of $366,000.

12. Plaintiff accordingly brings this action pursuant to the provisions of Rule B of the Supplemental Rules for Admiralty or Maritime Claims in order to obtain *quasi in rem* jurisdiction over the defendants and to obtain security for its claims, the merits of which have been submitted for resolution by arbitration in London against the MV MARKELA's registered owner.

13. More specifically, Plaintiff seeks, pursuant to Rule B, to attach the MV GRANADINO, a vessel with is now within this district.

## **ALTER EGO RELATIONSHIP AMONG THE DEFENDANTS**

14. Newlead Holdings is the beneficial owner of the MV MARKELA and of the MV GRANADINO.

15. Indeed, numerous factors (including those already noted above) evidence the same.

16. Newlead Holdings website identifies its fleet of vessels as including both the MV GRANADINO and the MV MARKELA, and its listing of those vessels does not appear to include any reference to Aeolus or MARKELA as being directly involved in the ships commercial operations or otherwise.

17. Newlead Holdings website states that it "controls a fleet of ten vessels."

18. Records available from the website Equasis (understood to be developed / maintained by the French Ministry of Transportation with contributing information from

countries around the world) identifies each of the defendants as having the same address (i.e., 83, Akti Miaouli & Flessa Street, 185 38 Piraeus, Greece").

19. Accordingly, on information and belief, the entities Markela Inc. and Aeolus are nothing but sham, shell companies with no actual business purpose.

20. Indeed, given that freight payments for the MV MARKELA were directed to be made to an account for which Newlead Holdings was identified as the beneficiary, Markela Inc., and on information and belief Aeolus in like fashion, do not even operate independent freight accounts.

21. As such, on information and belief, the Defendants comingle funds, a clear and well-recognized factor indicated alter ego status.

22. Similarly, as noted above, on information and belief, it was an email from Newlead Holdings which was sent to Plaintiff for the purpose of wrongfully repudiating the Charter Party.

23. In light of all of the foregoing, on information and belief, Newlead Holdings: (a) dominates and disregards the corporate form of Markela Inc. and Aeolus to such an extent that the latter entities have no legitimate corporate existence of their own and merely carry on the business of Newlead Holdings; (b) the entities in question have ignored corporate independence; (c) this is a mere artifice to avoid creditors; and (d) not deeming the Defendants to be *alter egos* of one another would lead to substantial injustice or inequity.

## **FIRST CAUSE OF ACTION**

24. Each of the paragraphs above is repeated and restated as if fully set forth herein.

25. Markela Inc. breached and/or wrongfully repudiated the Charter Party causing Plaintiff to suffer damages of at least $366,000 plus interest and attorneys fees.

26.     Newlead Holdings and Aeolus are alter egos of Markela Inc. such that they too are liable for the same debts and liability which Markela Inc. owes to Plaintiff.

## RULE B  ATTACHMENT

27.     The underlying dispute arising from the Charter Party has been submitted for arbitration in London.  Plaintiff brings this action solely to obtain *quasi in rem* jurisdiction over Defendants and security for its claims.

28.     Upon information and belief, the Defendants cannot be found within this District within the meaning of Rule B (*see* accompanying Declaration).

29.     However, there property can be found within this District, *to wit* the MV GRANADINO which is currently at berth in South Portland but is anticipated to leave berth very shortly hereafter.  Moreover, Plaintiff has, as set forth above, maritime claims against the Defendants.

30.     The total amount sought to be attached is $366,000 plus interest and attorneys fees to be determined.

31.     Plaintiff expressly reserves all rights to have the merits of the underlying dispute arising from the Charter Party resolved by way of the pending arbitration.

WHEREFORE, Plaintiff prays as follows:

1.     That process in due form of law according to the practice of this Court may issue against Defendants;

2.     That the Court, in accordance with the provisions of Rule B of the Supplemental Rules for Admiralty or Maritime Claims, direct the issuance of Process of Maritime Attachment and Garnishment attaching all assets within the District owned by Defendants or in which Defendants have a beneficial interest up to the amount of $366,000;

3. That judgment be entered against Defendants and in favor of Plaintiff in the amount of at least $366,000, plus interest, costs, and attorneys fees; and

4. That the Court grant such other, further and different relief as may be just, proper and equitable in the premises.

October 9, 2015            /s/ Benjamin E. Ford
                           Benjamin E. Ford
                           Verrill Dana, LLP
                           One Portland Square
                           Portland, Maine 04112-0586
                           Tel: (207) 774-4000
                           Fax: (207) 774-7499
                           bford@verrilldana.com

                           Attorney for Plaintiff

## VERIFICATION

Benjamin. E. Ford, Esq., Pursuant to the provisions of 28 U.S.C. § 1746. Declares and states as follows:

1. I am an attorney admitted to practice before this Court and practice with the firm of Verill Dana, LLP, attorneys for Plaintiff, and I make this verification on behalf of Plaintiff.

2. I have read the foregoing Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.  The sources of my information the grounds for my belief are communications with Plaintiff's counsel, Edward W. Floyd, Esq. in New York as well as an examination of facts relating to the matters in suit.

3. The reason this verification is made by the undersigned, and not made by Plaintiff, is the Plaintiff is a foreign corporation or other business entity, no officer or director if which is presently within this District.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 9, 2015                     /s/ Benjamin E. Ford, Esq.